# United States District Court
## Central District of California

| | | | |
|---|---|---|---|
| **UNITED STATES OF AMERICA vs.** | | Docket No. | ED CR 08-00172 (B)-VAP |
| **Defendant** | VINOD CHANDRASHEKM PATWARDHAN | Social Security No. | 7  6  1  4 |
| akas: | | | (Last 4 digits) |

## JUDGMENT AND PROBATION/COMMITMENT ORDER

| | MONTH | DAY | YEAR |
|---|---|---|---|
| In the presence of the attorney for the government, the defendant appeared in person on this date. | 09 | 21 | 09 |

**COUNSEL**  ☒ WITH COUNSEL    Benjamin Gluck and Jean Rhee, Retained Counsel
(Name of Counsel)

**PLEA**  ☒ **GUILTY,** and the court being satisfied that there is a factual basis for the plea.  ☐ **NOLO CONTENDERE**  ☐ **NOT GUILTY**

**FINDING**  There being a finding/verdict of  ☒ **GUILTY,** defendant has been convicted as charged of the offense(s) of:

**Title 18, United States Code, Section 371, Conspiracy, as charged in Count 1; Title 21, United States Code, Section 331(a), 333(a)(2, 352(c), 352(f)(1), Introducing Misbranded Drugs into Interstate Commerce, as charged in Counts 2 and 3; Title 18, United States Code, Section 545, Smuggling Goods into the United States, namely, drugs purchased in India, contrary to law, as charged in Counts 4 and 5; Title 18, United States Code, Section 545 and Title 18, United States Code, Section 2(a),(b), knowingly and intentionally aided, abetted, counseled, commanded, induced, procured, and caused the fraudulent and knowing importation and bringing into the United States of merchandise, namely, drugs purchased in Honduras, contrary to law, as charged in Count 6; Title 18, United States Code, Section 982(a)(2)(B), and Title 21, United States Code, Section 853(p), Criminal Forfeiture as charged in Count 7; Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c) and Title 21, United States Code, Section 853(p), Forfeiture, as charged in Count 8 of the Second Superseding Indictment.**

**JUDGMENT AND PROB/ COMM ORDER**  The Court asked whether defendant had anything to say why judgment should not be pronounced and the defendant addressed the Court.  Because no sufficient cause to the contrary was shown, or appeared to the Court, the Court adjudged the defendant guilty as charged and convicted and ordered that:

**SPECIAL ASSESSMENT**  **The defendant shall pay to the United States a special assessment of $600, which is due immediately.**

**FINE**  **It is ordered that the defendant shall pay to the United States a total fine of $10,000.  Said fine shall be paid within 30 days of sentencing.**

**RESTITUTION**  **Pursuant to Title 18, United States Code, Section 3663A, IT IS ORDERED that the defendant shall pay restitution in the total amount of $1,313,634.10, to the United States Department of Health and Human Services, Department of MediCal, MediCaid Services.  A partial payment of restitution of $10,000 is due immediately.  IT IS ORDERED that the defendant shall pay monthly payments of $1,000.00.  If any amount of restitution remains unpaid after the expiration of the period of probation, then such payments shall be made to the United States Attorney's Office through their court-ordered payment program.**

The defendant shall comply with General Order No. 01-05.

Pursuant to the Sentencing Reform Act of 1984, it is the judgment of the Court that the defendant, Vinod Chandrashekm Patwardhan, is hereby placed on probation on Counts 1 through 6 of the Second Superseding Indictment for a term of Five (5) years.  Such term consists of Five (5) years on each of Counts 1 through 6 to be served concurrently under the following terms and conditions:

USA vs.  **VINOD CHANDRASHEKM PATWARDHAN**          Docket No.:   **ED CR 08-00172(B)- VAP**

1. The defendant shall comply with the rules and regulations of the U. S. Probation Office and General Order 318;

2. During the period of community supervision the defendant shall pay the special assessment, restitution and fine in accordance with this judgment's orders pertaining to such payment;

3. The defendant shall not practice medicine, work or be employed in any position that requires licensing or certification by any local, state or federal agency unless he holds such certification for license without prior approval of the Probation Office.

4. The defendant shall participate for a period of Nine (9) months in a Home Detention Program, without electronic monitoring, and shall observe all rules of such program as directed by the Probation Officer.

5. The defendant shall apply monies received from income tax refunds greater than $500, lottery winnings, inheritance, judgements and any anticipated or unexpected financial gains to the outstanding court-ordered financial obligation;

6. The defendant shall perform 1000 hours of community service as directed by United States Probation Office during the term of probation.

7. The defendant shall cooperate in the collection of a DNA sample from the defendant.

The drug testing condition mandated by statute is suspended based on the Court's determination that the defendant poses a low risk of future substance abuse.

## FORFEITURE COUNTS 7 AND 8

IT IS FURTHER ADJUDGED that pursuant to Title 18, United States Code, Section 982(a)(2)(B) and 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), that the Court hereby enters a personal criminal forfeiture money judgment on Counts 7 and 8 of the Second Superseding Indictment, in the sum of $1,313,634.10, and all right to title and interest of the defendant in any property, real or personal which constitutes or was derived from proceeds traceable to objects B smuggling, C theft from the United States of the conspiracy as charged in Count 1 for which defendant was convicted, is hereby forfeited to the United States.

The Defendant was informed of his right to file a notice of appeal within 10 days of entry of judgment.

The defendant is ORDERED to report to the United States Probation Office no later than the

| | | | |
|---|---|---|---|
| USA vs. | **VINOD CHANDRASHEKM PATWARDHAN** | Docket No.: | **ED CR 08-00172(B)- VAP** |

close of business on September 22, 2009.

      Bond shall be exonerated upon his reporting to the Probation Office.

      On Government's motion, the underlying complaint and/or remaining count(s), ORDERED dismissed.

In addition to the special conditions of supervision imposed above, it is hereby ordered that the Standard Conditions of Probation and Supervised Release within this judgment be imposed. The Court may change the conditions of supervision, reduce or extend the period of supervision, and at any time during the supervision period or within the maximum period permitted by law, may issue a warrant and revoke supervision for a violation occurring during the supervision period.

| | |
|---|---|
| September 24, 2009 | /s/ Virginia A. Phillips |
| Date | VIRGINIA A. PHILLIPS |
| | UNITED STATES DISTRICT JUDGE |

It is ordered that the Clerk deliver a copy of this Judgment and Probation/Commitment Order to the U.S. Marshal or other qualified officer.

| | | |
|---|---|---|
| September 24, 2009 | By | /s/ Jim Holmes, Relief CRD |
| Filed Date | | Deputy Clerk |

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

**STANDARD CONDITIONS OF PROBATION AND SUPERVISED RELEASE**

      While the defendant is on probation or supervised release pursuant to this judgment:

| USA vs. | **VINOD CHANDRASHEKM PATWARDHAN** | Docket No.: | **ED CR 08-00172(B)- VAP** |
|---|---|---|---|

1. The defendant shall not commit another Federal, state or local crime;
1. the defendant shall not leave the judicial district without the written permission of the court or probation officer;
2. the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer at least 10 days prior to any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed or administered;
9. the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11. the defendant shall notify the probation officer within 72 hours of being arrested or questioned by a law enforcement officer;
12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to conform the defendant's compliance with such notification requirement;
14. the defendant shall, upon release from any period of custody, report to the probation officer within 72 hours;
15. and, <u>for felony cases only</u>: not possess a firearm, destructive device, or any other dangerous weapon.

☐   The defendant will also comply with the following special conditions pursuant to General Order 01-05 (set forth below).

**STATUTORY PROVISIONS PERTAINING TO PAYMENT AND COLLECTION OF FINANCIAL SANCTIONS**

The defendant shall pay interest on a fine or restitution of more than $2,500, unless the court waives interest or unless the fine or restitution is paid in full before the fifteenth (15th) day after the date of the judgment pursuant to 18 U.S.C. §3612(f)(1). Payments may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g). Interest and penalties pertaining to restitution, however, are not applicable for offenses completed prior to April 24, 1996.

If all or any portion of a fine or restitution ordered remains unpaid after the termination of supervision, the defendant shall pay the balance as directed by the United States Attorney's Office. 18 U.S.C. §3613.

The defendant shall notify the United States Attorney within thirty (30) days of any change in the defendant's mailing address or residence until all fines, restitution, costs, and special assessments are paid in full. 18 U.S.C. §3612(b)(1)(F).

The defendant shall notify the Court through the Probation Office, and notify the United States Attorney of any material change in the defendant's economic circumstances that might affect the defendant's ability to pay a fine or restitution, as required by 18 U.S.C. §3664(k). The Court may also accept such notification from the government or the victim, and may, on its own motion or that of a party or the victim, adjust the manner of payment of a fine or restitution-pursuant to 18 U.S.C. §3664(k). See also 18 U.S.C. §3572(d)(3) and for probation 18 U.S.C. §3563(a)(7).

Payments shall be applied in the following order:

>   1. Special assessments pursuant to 18 U.S.C. §3013;
>   2. Restitution, in this sequence:
>       > Private victims (individual and corporate),
>       > Providers of compensation to private victims,
>       > The United States as victim;
>   3. Fine;
>   4. Community restitution, pursuant to 18 U.S.C. §3663(c); and
>   5. Other penalties and costs.

USA vs. **VINOD CHANDRASHEKM PATWARDHAN**　　　Docket No.: **ED CR 08-00172(B)- VAP**

## SPECIAL CONDITIONS FOR PROBATION AND SUPERVISED RELEASE

As directed by the Probation Officer, the defendant shall provide to the Probation Officer: (1) a signed release authorizing credit report inquiries; (2) federal and state income tax returns or a signed release authorizing their disclosure and (3) an accurate financial statement, with supporting documentation as to all assets, income and expenses of the defendant. In addition, the defendant shall not apply for any loan or open any line of credit without prior approval of the Probation Officer.

The defendant shall maintain one personal checking account. All of defendant's income, "monetary gains," or other pecuniary proceeds shall be deposited into this account, which shall be used for payment of all personal expenses. Records of all other bank accounts, including any business accounts, shall be disclosed to the Probation Officer upon request.

The defendant shall not transfer, sell, give away, or otherwise convey any asset with a fair market value in excess of $500 without approval of the Probation Officer until all financial obligations imposed by the Court have been satisfied in full.

These conditions are in addition to any other conditions imposed by this judgment.

## RETURN

I have executed the within Judgment and Commitment as follows:

Defendant delivered on _____ to _____
Defendant noted on appeal on _____
Defendant released on _____
Mandate issued on _____
Defendant's appeal determined on _____
Defendant delivered on _____ to _____
　at _____
the institution designated by the Bureau of Prisons, with a certified copy of the within Judgment and Commitment.

United States Marshal

By _____

_____　　　_____
Date　　　　　　　　Deputy Marshal

## CERTIFICATE

I hereby attest and certify this date that the foregoing document is a full, true and correct copy of the original on file in my office, and in my legal custody.

Clerk, U.S. District Court

By _____

USA vs. **VINOD CHANDRASHEKM PATWARDHAN**        Docket No.:   **ED CR 08-00172(B)- VAP**

Filed Date                                                                    Deputy Clerk

### FOR U.S. PROBATION OFFICE USE ONLY

Upon a finding of violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) _____        _____
            Defendant                                                           Date

            _____        _____
            U. S. Probation Officer/Designated Witness        Date